**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
)
SIGMUND COHN CORP.,                )
)
         Plaintiff            )
)
v.                            )     Civil Action No. 12-CIV-8053
)
MARSHALL ENGINEERING,      )
INC., JOSEPH MARSHALL, and   )
INTERNATIONAL ROLLING    )
MILLS, INC.,              )
)
        Defendants       )
_____)

### ANSWER AND JURY DEMAND
### OF INTERNATIONAL ROLLING MILLS, INC. TO COMPLAINT

Defendant International Rolling Mills, Inc. ("IRM") answers each separately numbered paragraph of the Complaint as follows:

1.      Paragraph 1 of the Complaint sets forth a description of this action to which no response is required.  To the extent a response is required, denied.

2.      IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

7.      Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

8.      Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

9.      IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     IRM admits that Marshall Engineering, Inc. ("Marshall") provides consulting and advisory services.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 10 of the Complaint.

11.     Admitted.

12.     IRM admits that it sells rolling mills and support equipment and that it also rebuilds and repairs rolling mills and support equipment.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 12 of the Complaint.

13.     Admitted.

14.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the Complaint.  IRM admits the allegations in the second sentence of paragraph 14 of the Complaint.

15.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     IRM admits that in or about June 2011, SCC began to discuss a coin blanking project with Marshall and IRM.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 16 of the Complaint.

17.    IRM admits that in or about June 2011, Sigmund Cohn Corp. ("SCC") explained that it was interested in producing one ounce gold blanks for the U.S. Mint.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 17 of the Complaint.

18.    IRM denies the allegations in paragraph 18 of the Complaint.

19.    IRM admits that Marshall and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S. Mint.  IRM denies that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 19 of the Complaint.

20.    Paragraphs 20(a) and 20(b) of the Complaint purport to quote written documents, which documents speak for themselves.  With respect to paragraph 20(c) of the Complaint, IRM states that Robert Costa did not attend a meeting at SCC's offices on or about September 27, 2011.  Accordingly, IRM denies the allegations in paragraph 20(c) of the Complaint to the extent they relate to IRM and/or Robert Costa.  IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20(c) of the Complaint to the extent they relate to Marshall and/or Joseph Marshall.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 20 of the Complaint.

21.    IRM admits that Marshall and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S. Mint.  Further answering, IRM states that Robert Costa did not attend a meeting at SCC's offices on or about September 27, 2011.  Except as otherwise admitted, IRM denies the remaining allegation in paragraph 21 of the Complaint.

22.    IRM admits that it is aware that SCC sent to Marshall a Purchase Order dated October 4, 2011.  Further answering, IRM states that it is aware that the Purchase Order sent by

SCC to Marshall is a written document which speaks for itself.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 22 of the Complaint.

23.     The Purchase Order sent by SCC to Marshall is a written document which speaks for itself.

24.     The Purchase Order sent by SCC to Marshall is a written document which speaks for itself.

25.     Paragraph 25 of the Complaint sets forth a characterization of the Purchase Order sent by SCC to Marshall, which is a written document that speaks for itself.  To the extent a response is required, IRM denies the allegations in paragraph 25 of the Complaint.  Further answering, IRM states that SCC has not paid all of the monies due under the Purchase Order.

26.     The Purchase Order sent by SCC to Marshall is a written document which speaks for itself.

27.     Paragraph 27 sets forth a legal conclusion to which no response is required.  To the extent a response is required, IRM states that it is aware that on October 5, 2011, Marshall sent an email to SCC stating that "[t]he purchase order looks fine."  Further answering, IRM states that the Purchase Order sent by SCC to Marshall is a written document which speaks for itself.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, IRM states that it is aware that at some time after October 5, 2011, Marshall received a deposit from SCC.  Further answering, IRM states that the Purchase Order sent by SCC to Marshall is a written document which speaks for itself.

- 4 -

Except as otherwise admitted, IRM denies the remaining allegations in paragraph 28 of the Complaint.

29.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     IRM admits that the Purchase Order sent by SCC to Marshall states that "[a]ll equipment will be specifically designed, tested, delivered, and installed to produce gold blanks in accordance to US Mint's weight, dimensional tolerance, surface finish, and all specifications." IRM further states that Marshall and IRM provided to SCC some additional tooling for platinum blanks.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 30 of the Complaint.

31.     IRM denies the allegations in paragraph 31 of the Complaint.

32.     IRM admits that it is aware that in or about December 2011, SCC requested that Marshall purchase on SCC's behalf a rimming machine, blank dryer, and a pre-melter.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 32 of the Complaint.

33.     IRM admits that Marshall suggested that SCC purchase a Brunematt brand finishing machine as a substitute for the Sweeco brand finishing machine identified in the Purchase Order sent by SCC to Marshall.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 33 of the Complaint.

34.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     IRM admits that Marshall and IRM were aware that SCC was seeking to produce blanks that met the U.S. Mint's specifications.  IRM is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 37 of the Complaint that Joseph Marshall possessed knowledge of U.S. Mint blank specifications set forth in USM-HQ-11-0022.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 37 of the Complaint.

38.     IRM admits that after October 5, 2011, Marshall indicated to IRM that IRM should begin the process of assembling the re-built IRM Concast 500 casting machine described in the Purchase Order sent by SCC to Marshall.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 38 of the Complaint.

39.     IRM admits that Marshall and IRM were aware that the IRM Concast 500 described in the Purchase Order sent by SCC to Marshall, along with other machinery and equipment, was intended to be used by SCC to produce blanks for the U.S. Mint.  IRM denies that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 39 of the Complaint.

40.     IRM denies the allegations in paragraph 40 of the Complaint.

41.     IRM denies the allegations in paragraph 41 of the Complaint.

42.     IRM denies the allegations in paragraph 42 of the Complaint.

43.     IRM denies that it supplied to SCC an Ewen brand caster.  Further answering, IRM states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.     IRM denies the allegations in paragraph 44 of the Complaint.  Further answering, IRM states that is has never been a distributor of Ewen casters.

45.     IRM denies the allegations in paragraph 45 of the Complaint.

46.     IRM denies that it made any misrepresentations regarding the IRM Concast 500 caster.  IRM further denies the remaining allegations in paragraph 46 of the Complaint.

47.     IRM admits that after October 5, 2011, Marshall indicated to IRM that IRM should begin the process of assembling the re-built Fenn rolling mill described in the Purchase Order sent by SCC to Marshall.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 47 of the Complaint.

48.     IRM admits that it was aware that the re-built Fenn rolling mill described in the Purchase Order sent by SCC to Marshall, along with other machinery and equipment, was intended to be used by SCC to produce blanks for the U.S. Mint.  IRM denies that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 48 of the Complaint.

49.     IRM denies the allegations in paragraph 49 of the Complaint.

50.     IRM denies the allegations in paragraph 50 of the Complaint.  Further answering, IRM states that the rolling mill delivered to SCC complied with the Purchase Order.

51.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     IRM denies the allegations in paragraph 52 of the Complaint.

53.     IRM denies the allegations in paragraph 53 of the Complaint.

54.     IRM denies that the Fenn rolling mill delivered to SCC does not have digital readouts for mill speed and mill load.  IRM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.

55.     IRM denies that it made any misrepresentations regarding the Fenn rolling mill. IRM further denies the remaining allegations in paragraph 55 of the Complaint.

56.     IRM denies that time was of the essence.  IRM further denies the remaining allegations in paragraph 56 of the Complaint.

57.     IRM denies the allegations in paragraph 57 of the Complaint.

58.     IRM denies the allegations in paragraph 58 of the Complaint.

59.     IRM denies the allegations in paragraph 59 of the Complaint.

60.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding how the equipment is operating.  Further answering, IRM denies the remaining allegations in paragraph 60 of the Complaint.

61.     IRM denies the allegations in paragraph 61 of the Complaint.

62.     IRM admits that in June 2012, Joseph Marshall and Robert Costa visited SCC's facilities to provide training to SCC's employees on the machinery and equipment for the coin blanking project.  IRM further admits that Joseph Marshall and Robert Costa both were at SCC's facilities that day for 10.5 hours.  At the end of that training session, the machinery and equipment for the coin blanking project was fully operational.  Except as otherwise admitted, IRM denies the remaining obligations in paragraph 62 of the Complaint.

63.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     IRM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     IRM denies the allegations in paragraph 65 of the Complaint.

66.     IRM denies the allegations in paragraph 66 of the Complaint.

67.     IRM denies the allegations in paragraph 67 of the Complaint.

68.     IRM denies the allegations in paragraph 68 of the Complaint.

69.     IRM denies the allegations in paragraph 69 of the Complaint.

70.     IRM denies the allegations in paragraph 70 of the Complaint.

## COUNT I
## (BREACH OF CONTRACT AGAINST MARSHALL)

71.     IRM repeats and realleges its answers to paragraphs 1-70 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that the Purchase Order is a written document which speaks for itself.  To the extent any further response is required, IRM denies the allegations in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint are not directed to IRM, and therefore no response is required.  To the extent a response is required, IRM states that it is aware that after taking into account all credits and concessions made to SCC, SCC owes Marshall under the Purchase Order sent by SCC to Marshall approximately $22,000, plus interest which continues to accrue.  Further answering, IRM denies that sums were paid timely by SCC to Marshall.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 74 of the Complaint.

75.     The allegations in paragraph 75 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that the Purchase Order sent by SCC to Marshall is a written document which speaks for itself.  To the extent a further response is required, IRM denies the allegations in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that the Purchase Order is a written document which speaks for itself.

78.     The allegations in paragraph 78 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 78 of the Complaint.

79.     The allegations in paragraph 79 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that the Purchase Order is a written document which speaks for itself.

80.     The allegations in paragraph 80 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 80 of the Complaint.

81.     The allegations in paragraph 81 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 81 of the Complaint.

82.     The allegations in paragraph 82 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 82 of the Complaint.

83.     The allegations in paragraph 83 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 83 of the Complaint.

## COUNT II
## (FRAUDULENT INDUCEMENT AGAINST ALL DEFENDANTS)

84.     IRM repeats and realleges its answers to paragraphs 1-83 of the Complaint.

85.     IRM admits that Marshall and IRM are experts in the area of blank manufacturing systems.  IRM denies that either Marshall and/or IRM made any misrepresentations.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 85 of the Complaint.

86.     IRM admits that Marshall and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S. Mint and that they in fact delivered to SCC machinery and equipment capable of producing blanks for the U.S. Mint. IRM denies that either Marshall and/or IRM made any misrepresentations to SCC.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 86 of the Complaint.

87.     IRM admits that Marshall and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S. Mint and that they in fact delivered to SCC machinery and equipment capable of producing blanks for the U.S. Mint. Further answering, IRM states that Robert Costa did not attend a meeting at SCC's offices on or

about September 27, 2011.  IRM denies that IRM or Robert Costa made any misrepresentations to SCC.  Except as otherwise admitted, IRM denies the remaining allegation in paragraph 87 of the Complaint.

88.     IRM denies that either Marshall and/or IRM made any false representations to SCC.  IRM further denies the remaining allegations in paragraph 88 of the Complaint.

89.     IRM denies that it made any false representations to SCC.  IRM further denies the remaining allegations in paragraph 89 of the Complaint.

90.     IRM denies that either Marshall and/or IRM made any false representations to SCC.  IRM further denies the remaining allegations in paragraph 90 of the Complaint.

91.     IRM denies that either Marshall and/or IRM made any false and misleading representations to SCC.  IRM further denies the remaining allegations in paragraph 91 of the Complaint.

92.     IRM denies the allegations in paragraph 92 of the Complaint.

93.     IRM denies the allegations in paragraph 93 of the Complaint.

### COUNT III
### (AIDING AND ABETTING FRAUDULENT INDUCEMENT AGAINST IRM)

94.     IRM repeats and realleges its answers to paragraphs 1-93 of the Complaint.

95.     IRM denies that either Marshall and/or IRM made any fraudulent representations to SCC.  IRM further denies the remaining allegations in paragraph 95 of the Complaint.

96.     IRM denies that either Marshall and/or IRM made any false representations to SCC.  IRM further denies the remaining allegations in paragraph 96 of the Complaint.

97.     IRM denies that either Marshall and/or IRM made any fraudulent representations to SCC.  IRM further denies the remaining allegations in paragraph 97 of the Complaint.

98.     IRM denies that either Marshall and/or IRM made any fraudulent or false representations to SCC.  IRM further denies the remaining allegations in paragraph 98 of the Complaint.

99.     IRM denies the allegations in paragraph 99 of the Complaint.

100.    IRM denies the allegations in paragraph 100 of the Complaint.

## COUNT IV
## (NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS)

101.    IRM repeats and realleges its answers to paragraphs 1-100 of the Complaint.

102.    Paragraph 102 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 102 of the Complaint.

103.    IRM denies the allegations in paragraph 103 of the Complaint.

104.    IRM denies that either Marshall and/or IRM provided misleading and/or inaccurate information to SCC.  IRM further denies the remaining allegations in paragraph 104 of the Complaint.

105.    IRM denies the allegations in paragraph 105 of the Complaint.

## COUNT V
## (BREACH OF EXPRESS WARRANTY AGAINST MARSHALL)

106.    IRM repeats and realleges its answers to paragraphs 1-105 of the Complaint.

107.    The allegations in paragraph 107 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that paragraph 107 sets forth a legal conclusion.  Further answering, IRM denies the allegations in paragraph 107 of the Complaint.

108.    The allegations in paragraph 108 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that paragraph

108 sets forth a legal conclusion.  Further answering, IRM denies the allegations in paragraph 108 of the Complaint.

109.     The allegations in paragraph 109 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that paragraph 109 sets forth a legal conclusion.  Further answering, IRM denies the allegations in paragraph 109 of the Complaint.

110.     The allegations in paragraph 110 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM states that paragraph 110 sets forth a legal conclusion and that the Purchase Order is a written document which speaks for itself.  Further answering, IRM states that SCC has never made a claim under the warranty provision of the Purchase Order.  IRM denies the allegations in paragraph 110 of the Complaint.

111.     The allegations in paragraph 111 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 111 of the Complaint.

112.     The allegations in paragraph 112 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 112 of the Complaint.

113.     The allegations in paragraph 113 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 113 of the Complaint.

114.     The allegations in paragraph 114 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 114 of the Complaint.

115.   The allegations in paragraph 115 of the Complaint are not directed to IRM, therefore no response is required.  To the extent a response is required, IRM denies the allegations in paragraph 115 of the Complaint.

## COUNT VI
## (BREACH OF IMPLIED WARRANTY AGAINST MARSHALL AND IRM)

116.   IRM repeats and realleges its answers to paragraphs 1-115 of the Complaint.

117.   IRM denies the allegations in paragraph 117 of the Complaint.

118.   IRM admits that SCC made a deposit and some, but not all, installment payments under the Purchase Order.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 118 of the Complaint.

119.   IRM admits that it is aware that SCC made a deposit and some, but not all, installment payments under the Purchase Order sent by SCC to Marshall.  Further answering, IRM states that paragraph 119 of the Complaint sets forth a legal conclusion to which no response is required.  Except as otherwise admitted, IRM denies the remaining allegations in paragraph 119 of the Complaint.

120.   IRM denies that there are defects in the Blank System and further denies the remaining allegations in paragraph 120 of the Complaint.

121.   IRM denies the allegations in paragraph 121 of the Complaint.

## COUNT VII
## (UNJUST ENRICHMENT AGAINST MARSHALL AND IRM)

122.   IRM repeats and realleges its answers to paragraphs 1-121 of the Complaint.

123.   IRM denies the allegations in paragraph 123 of the Complaint.

124.   IRM denies the allegations in paragraph 124 of the Complaint.

125.   IRM denies the allegations in paragraph 125 of the Complaint.

126.   IRM denies the allegations in paragraph 126 of the Complaint.

127.   IRM denies the allegations in paragraph 127 of the Complaint.

## JURY DEMAND

128.   Paragraph 128 sets forth a jury demand to which no response is required.

The WHEREFORE paragraph of the Complaint sets forth a pray for relief to which no

response is required.  To the extent a response is required, denied.

## FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SECOND DEFENSE

The Complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

## THIRD DEFENSE

Plaintiff's claims are barred by lack of personal jurisdiction over IRM.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM does not owe Plaintiff any

duty.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM did not breach any duty.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM was not a party to any

contract with Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to lack of privity.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM made no express or implied

warranties.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to notify IRM of any breach of warranty.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not fully performed under the Purchase Order.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not paid the full amount due under the Purchase Order.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM did not make any false, fraudulent, and/or misleading representations to SCC.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the machinery and equipment provided to SCC under the Purchase Order is fully operational.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by its own negligence.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by its own lack of experience and/or expertise.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because it has suffered no injury.

**SEVENTEENTH DEFENSE**

Some party or parties other than IRM, over whom IRM exercised no authority or control and for whom IRM was not responsible, was the proximate cause of Plaintiff's alleged injuries.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any act or omission on the part of IRM was neither the actual nor proximate cause of Plaintiff's alleged injuries and damages.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because it has suffered no damages.

**TWENTIETH DEFENSE**

Any injuries and damages allegedly suffered by Plaintiff resulted from an intervening or superseding cause and/or causes.

**TWENTY-FIRST DEFENSE**

Plaintiff's claim for punitive damages is barred because IRM did not act willfully, wantonly, and/or maliciously.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by a novation.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by an accord and satisfaction.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims for damages of any type are barred by its failure to give notice of any

breach.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because IRM is not a seller.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's material breach of contract.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's breach of the covenant of

good faith and fair dealing.

### THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate any

damages it allegedly suffered.

WHEREFORE, Defendant International Rolling Mills, Inc. prays that this Court:

     a.  dismiss the Complaint with prejudice;

     b.  enter judgment in favor of Defendant International Rolling Mills, Inc.;

     c.  award Defendant International Rolling Mills, Inc. its costs and reasonable attorneys' fees; and

     d.  award such other and further relief as this Court deems fair and reasonable.

### JURY DEMAND

International Rolling Mills, Inc. demands a trial by jury on all issues so triable.

Dated:  December 28, 2012         Respectfully submitted,

                     ANDERSON KILL & OLICK, P.C.

                     By:   /s/ Anna M. Piazza
                           Anna M. Piazza

1251 Avenue of the Americas
New York, NY  10020
T:  212-278-1307
F:  212-278-1733
E-mail:  apiazza@andersonkill.com

*Attorneys for Defendant International
Rolling Mills, Inc.*