## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGMUND COHN CORP., )<br><br>Plaintiff )<br><br>-against- )<br><br>MARSHALL ENGINEERING,<br>INC., JOSEPH MARSHALL, and<br>INTERNATIONAL ROLLING<br>MILLS, INC., )<br><br>Defendants ) | Civil Action No. 12-CIV-8053 (VLB)(GAY) |

## ANSWER OF DEFENDANTS MARSHALL ENGINEERING, INC. AND JOSEPH MARSHALL TO COMPLAINT AND COUNTERCLAIMS OF MARSHALL ENGINEERING, INC.

Defendants Marshall Engineering, Inc. ("MEI") and Joseph Marshall (collectively, MEI and Joseph Marshall will be referred to as "Responding Defendants") answer each separately numbered paragraph of the Complaint as follows:

1.     Paragraph 1 of the Complaint sets forth a description of this action to which no response is required.  To the extent a response is required, denied.

2.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     Responding Defendants admit that MEI is a Rhode Island corporation.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.     Admitted.

5.      Admitted.

6.      Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required.

7.      Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

8.      Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

9.      Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Responding Defendants admit that MEI provides consulting and advisory services.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.      Admitted.

12.      Responding Defendants admit that IRM sells rolling mills and support equipment and that it also rebuilds and repairs rolling mills and support equipment.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13.      Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.      Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the Complaint. Responding Defendants admit the allegations in the second sentence of paragraph 14 of the Complaint.

15.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Responding Defendants admit that in or about June 2011, SCC began to discuss a coin blanking project with MEI and IRM.  Except as so admitted, Responding Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Responding Defendants admit that in or about June 2011, SCC explained that it was interested in producing one ounce gold blanks for the U.S. Mint.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Responding Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Responding Defendants admit that MEI and IRM have the experience and expertise to provide to Sigmund Cohn Corp. ("SCC") machinery and equipment capable of producing blanks for the U.S. Mint.   Responding Defendants deny that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Paragraphs 20(a) and 20(b) of the Complaint purport to quote written documents, which documents speak for themselves.  With respect to paragraph 20(c) of the Complaint, Responding Defendants deny that Robert Costa attended a meeting at SCC's offices on September 27, 2011.  Responding Defendants admit that Joseph Marshall attended a meeting at SCC's offices on or about September 27, 2011.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Responding Defendants admit that Marshall and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S.

Mint.  Except as otherwise admitted, Responding Defendants deny the remaining allegation in paragraph 21 of the Complaint.

22.    Responding Defendants admit that MEI received a purchase order from SCC dated October 4, 2011.  The document speaks for itself.  Except as so admitted, denied.

23.    The Purchase Order is a written document which speaks for itself.

24.    The Purchase Order is a written document which speaks for itself.

25.    The Purchase Order is a written document which speaks for itself.  Paragraph 25 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny that SCC's payment obligations were "in exchange for the Blank System".  Further answering, Responding Defendants state that SCC has not paid all of the monies due under the Purchase Order.

26.    The Purchase Order is a written document which speaks for itself.

27.    Paragraph 27 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants admit that on October 5, 2011, Joseph Marshall on behalf of MEI sent an email to SCC stating that "[t]he purchase order looks fine." Further answering, Responding Defendants state that the Purchase Order is a written document which speaks for itself.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants admit that at some time after October 5, 2011, MEI received a deposit from SCC.  Further answering, Responding Defendants state that the Purchase Order is a written document which speaks for itself.  Except

as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Responding Defendants admit that the Purchase Order states that "[a]ll equipment will be specifically designed, tested, delivered, and installed to produce gold blanks in accordance to US Mint's weight, dimensional tolerance, surface finish, and all specifications." Responding Defendants further state that MEI and IRM provided to SCC some additional tooling for platinum blanks.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31.     Responding Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Responding Defendants admit that in or about December 2011, SCC requested that MEI purchase on SCC's behalf a rimming machine, blank dryer, and a pre-melter. Responding Defendants further state that SCC independently made the decision to purchase the equipment.  Responding Defendants admit that Joseph Marshall on behalf of MEI recommended a blank dryer.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33.     Responding Defendants admit that Joseph Marshall on behalf of MEI suggested that SCC purchase a Brunimat brand finishing machine as a substitute for the Sweeco brand finishing machine identified in the Purchase Order.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Responding Defendants admit that they were aware that SCC was seeking to produce blanks that met the U.S. Mint's specifications and that Joseph Marshall reviewed some of the U.S. Mint's specifications.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.     Responding Defendants admit that after October 5, 2011, MEI had IRM begin the process of assembling the re-built Concast 500 described in the Purchase Order.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     Responding Defendants admit that they were aware that the IRM Concast 500 described in the Purchase Order, along with other machinery and equipment, was intended to be used by SCC to produce blanks for the U.S. Mint.  Responding Defendants deny that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Responding Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Responding Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Responding Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Responding Defendants deny that MEI supplied to SCC an Ewen brand caster. Further answering, Responding Defendants state that they are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.     Responding Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the caster produced by IRM operates only approximately thirty percent of the time for which SCC seeks to use it.  Responding Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46.     Responding Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Responding Defendants admit that after October 5, 2011, MEI had IRM begin the process of assembling the re-built Fenn rolling mill described in the Purchase Order.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48.     Responding Defendants admit that they were aware that the rolling mill described in the Purchase Order, along with other machinery and equipment, was intended to be used by SCC to produce blanks for the U.S. Mint.  Responding Defendants deny that SCC was guaranteed to be selected by the U.S. Mint to supply blanks.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49.     Responding Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Responding Defendants deny the allegations in paragraph 50 of the Complaint. Further answering, Responding Defendants state that the rolling mill delivered to SCC complied with the Purchase Order.

51.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Responding Defendants deny the allegations in paragraph 52 of the Complaint. Further answering, Responding Defendants state upon information and belief, that any camber or wedging issues can be the result of operator error, not any defect in the Fenn rolling mill.

53.     Responding Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Responding Defendants deny that the Fenn rolling mill delivered to SCC does not have digital readouts for mill speed and mill load.  Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.

55.     Responding Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Responding Defendants state that MEI updated SCC as to delivery schedules. Responding Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57.     Responding Defendants deny the allegations in paragraph 57 of the Complaint. The referenced document speaks for itself.

58.     Responding Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Responding Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of how the equipment is operating.  Further answering Responding Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.     Responding Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Responding Defendants admit that in June 2012, Joseph Marshall on behalf of MEI and Robert Costa visited SCC's facilities to provide training to SCC's employees on the machinery and equipment for the coin blanking project.  Responding Defendants further admit that Joseph Marshall and Robert Costa both were at SCC's facilities that day for approximately

10.5 hours.  At the end of that training session, the machinery and equipment for the coin blanking project was fully operational.  Except as otherwise admitted, Responding Defendants deny the remaining obligations in paragraph 62 of the Complaint.

63.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Responding Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Responding Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Responding Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Responding Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Responding Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Responding Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Responding Defendants deny the allegations in paragraph 70 of the Complaint.

## COUNT I
## (BREACH OF CONTRACT AGAINST MARSHALL)

71.     Responding Defendants repeat and reallege their answers to paragraphs 1-70 of the Complaint.

72.     Responding Defendants admit that MEI received a purchase order from SCC dated October 4, 2011.  The document speaks for itself.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 72 of the Complaint.

73.     Responding Defendants deny that sums paid were timely.  Responding Defendants state after taking into account all credits and concessions made to SCC, SCC owes under the Purchase Order approximately $20,758.00, plus interest which continues to accrue.

Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74.     Responding Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Responding Defendants state that the Purchase Order is a written document which speaks for itself.  Responding Defendants deny the remaining allegations in paragraph 75 of the Complaint.

76.     Responding Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Responding Defendants state that the Purchase Order is a written document which speaks for itself.

78.     Responding Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Responding Defendants state that the Purchase Order is a written document which speaks for itself.

80.     Responding Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Responding Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Responding Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Responding Defendants deny the allegations in paragraph 83 of the Complaint.

## COUNT II
### (FRAUDULENT INDUCEMENT AGAINST ALL DEFENDANTS)

84.     Responding Defendants repeat and reallege their answers to paragraphs 1-83 of the Complaint.

85.     Responding Defendants admit that MEI and IRM are experienced in the area of blank manufacturing systems.  Responding Defendants deny that they made any misrepresentations regarding their experience and expertise in the area of blank manufacturing

systems.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 85 of the Complaint.

86.     Responding Defendants admit that MEI and IRM have the experience and expertise to provide to SCC machinery and equipment capable of producing blanks for the U.S. Mint and that they in fact delivered to SCC machinery and equipment capable of producing blanks for the U.S. Mint.  Responding Defendants deny that they made misrepresentations to SCC.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 86 of the Complaint.

87.     Responding Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Responding Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Responding Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Responding Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Responding Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Responding Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Responding Defendants deny the allegations in paragraph 93 of the Complaint.

## COUNT III
## (AIDING AND ABETTING FRAUDULENT INDUCEMENT AGAINST IRM)

94.     Responding Defendants repeat and reallege their answers to paragraphs 1-93 of the Complaint.

95.     Responding Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Responding Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Responding Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Responding Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Responding Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Responding Defendants deny the allegations in paragraph 100 of the Complaint.

## COUNT IV
## (NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS)

101.    Responding Defendants repeat and reallege their answers to paragraphs 1-100 of the Complaint.

102.    Paragraph 102 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Responding Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Responding Defendants deny the allegations in paragraph 104 of the Complaint.

105.    Responding Defendants deny the allegations in paragraph 105 of the Complaint.

## COUNT V
## (BREACH OF EXPRESS WARRANTY AGAINST MARSHALL)

106.    Responding Defendants repeat and reallege their answers to paragraphs 1-105 of the Complaint.

107.    Paragraph 107 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Responding Defendants state that paragraph 110 sets forth a legal conclusion and that the Purchase Order is a written document which speaks for itself.  Further answering, Responding Defendants state that SCC has to date not made a claim under the warranty provision of the Purchase Order.  Responding Defendants deny the remaining allegations in paragraph 110 of the Complaint.

111.    Responding Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Responding Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Responding Defendants deny the allegations in paragraph 115 of the Complaint.

## COUNT VI
## (BREACH OF IMPLIED WARRANTY AGAINST MARSHALL AND IRM)

116.    Responding Defendants repeat and reallege their answers to paragraphs 1-115 of the Complaint.

117.    Responding Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Responding Defendants admit that SCC made a deposit and some, but not all, installment payments under the Purchase Order.  Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 118 of the Complaint.

119.    Responding Defendants admit that SCC made a deposit and some, but not all, payments under the Purchase Order.  Further answering, Responding Defendants state that

- 13 -

paragraph 119 of the Complaint sets forth a legal conclusion to which no response is required. Except as otherwise admitted, Responding Defendants deny the remaining allegations in paragraph 119 of the Complaint.

120.   Responding Defendants deny the allegations in paragraph 120 of the Complaint.

121.   Responding Defendants deny the allegations in paragraph 121 of the Complaint.

## COUNT VII
## (UNJUST ENRICHMENT AGAINST MARSHALL AND IRM)

122.   Responding Defendants repeat and reallege their answers to paragraphs 1-121 of the Complaint.

123.   Responding Defendants deny the allegations in paragraph 123 of the Complaint.

124.   Responding Defendants deny the allegations in paragraph 124 of the Complaint.

125.   Responding Defendants deny the allegations in paragraph 125 of the Complaint.

126.   Responding Defendants deny the allegations in paragraph 126 of the Complaint.

127.   Responding Defendants deny the allegations in paragraph 127 of the Complaint.

## JURY DEMAND

128.   Paragraph 128 sets forth a jury demand to which no response is required. Responding Defendants demand a jury on all claims so triable.

The WHEREFORE paragraph of the Complaint sets forth a prayer for relief to which no response is required.  To the extent a response is required, denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of personal jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Responding Defendants do not owe Plaintiff any duty.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Responding Defendants did not breach any duty.

## SIXTH AFFIRMATIVE DEFENSE

MEI is excused from performance under the alleged contract based upon Plaintiff's failure to perform and/or breach of the alleged contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based upon a settlement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Responding Defendants made no express or implied warranties.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to notify Responding Defendants of any breach of warranty.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not fully performed under the alleged contract.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not paid the full amount due under the alleged contract.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Responding Defendants did not make any false, fraudulent, and/or misleading representations to SCC.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the machinery and equipment provided to SCC under the alleged contract is fully operational.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its own negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its own lack of experience and/or expertise.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it has suffered no injury.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some party or parties other than Responding Defendants, over whom Responding Defendants exercised no authority or control and for whom Responding Defendants were not responsible, was the proximate cause of Plaintiff's alleged injuries.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any act or omission on the part of Responding Defendants was neither the actual nor proximate cause of Plaintiff's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it has suffered no damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any injuries and damages allegedly suffered by Plaintiff resulted from an intervening or superseding cause and/or causes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because Responding Defendants did not act willfully, wantonly, and/or maliciously.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the grounds of novation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the grounds of accord and satisfaction.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for damages of any type are barred by its failure to give notice of any breach.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part based upon its failure to perform conditions to the contract.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by its material breach of contract.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by its breach of the covenant of good faith and fair dealing.

## THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate.

## COUNTERCLAIMS

1.      Plaintiff in counterclaim Marshall Engineering, Inc. ("MEI") is a Rhode Island corporation with its principal place of business at 40 Rice Street, Providence, RI 02907.

2.      Defendant in counterclaim Sigmund Cohn Corp. ("SCC") is a New York corporation with its principal place of business at 121 South Columbus Ave., Mount Vernon, New York 10553.

3.      On or about July 19, 2011, MEI provided a quote to SCC for various pieces of equipment, including a completely re-built IRM Concast 500 casting machine, a Fenn 8" x 8" two high rolling mill, a new IRM 450 ton capacity hydraulic blanking press, a new S.M. Engineering 12" wide electric conveyor annealing furnace and a re-built Sweeco 36" vibratory bowl finishing machine.

4.      On or about August 16, 2011, MEI provided additional information to SCC concerning potential trade-ins or replacement of rolling mill equipment.

5.      By email dated September 1, 2011, MEI reduced its price to SCC for certain of the rolling mill equipment to $77,500.

6.      By email dated September 1, 2011, SCC accepted MEI's quote of $77,500 (including certain trade-ins) for a rolling mill.

7.      By email dated September 6, 2011, SCC sent to MEI a purchase order number of 7856, identified as for the rolling mill.

8.      SCC issued a Purchase Order to MEI dated October 4, 2011, for the following equipment at the prices designated as follows:

-      IRM "Continuous" Concast 500 at $75,000;

-      Fenn 8" x 8" 2-Hi Rolling Mill at $198,750;

-      IRM 450 Ton Blanking Press at $248,500;

-      Electric Annealing Furnace at $74,500;

-      36" Vibratory Finishing Machine at $26,000.

9.      In or about December, 2011, at SCC's request, additional equipment was ordered through MEI, including, but not limited to a dryer and a rimmer.

10.     In or about February, 2012, some of the equipment ordered by SCC was shipped to it.

11.     On or about April 27, 2012, equipment ordered by SCC was delivered to it.  At that time, SCC originally paid $100,000 toward the outstanding balance to MEI and after discussion with MEI, paid an additional $50,000.

12.     As reflected in the June 28, 2012, MEI invoice #1193 to SCC, $20,758.00 is still owed to MEI for the equipment purchased by SCC.

## COUNT I
### (Breach of Contract)

13.     MEI incorporates by reference the allegations of Paragraphs 1 through 12 above as if fully set forth herein.

14.     MEI has performed all of its duties under the contract between it and SCC except as prevented, waived or excused by SCC's conduct.

15.     SCC has failed and refused to pay MEI amounts owing under the contract between MEI and SCC, despite demands from MEI.

16.     As a direct and proximate result of SCC's actions, MEI has suffered damages in an amount to be determined at trial, but presently believed to be a minimum of $20,758.00, plus interest.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

17.     MEI incorporates by reference the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

18.     SCC's actions violate the covenant of good faith and fair dealing of the contract existing between MEI and SCC.

19.     As a direct and proximate result of SCC's actions, MEI has suffered damages in an amount to be determined at trial

## COUNT III
### (Unjust Enrichment)

20.     MEI incorporates by reference the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

21.     SCC has been unjustly enriched at MEI's expense.

22.     It would be against equity and good conscience to permit SCC to retain all of the equipment without tendering full payment.

23.     Therefore, SCC is obligated to MEI in an amount to be determined at trial.

WHEREFORE, MEI prays that this Court:

      a.  dismiss the Complaint with prejudice;

      b.  enter judgment in favor of MEI and Joseph Marshall on the Complaint;

      c.  enter judgment, including interest, in favor of MEI and against SCC on the Counterclaim in an amount to be determined at trial;

      d.  award MEI and Joseph Marshall their costs and reasonable attorneys' fees; and

e.   award such other and further relief as this Court deems fair and reasonable.

## JURY DEMAND

MEI and Joseph Marshall demand a trial by jury on all issues so triable.

Dated: December 28, 2012
       New York, New York

                                        Respectfully submitted,

                                        SNITOW KANFER
                                        & HOLTZER, LLP

                                        By: _____
                                            Virginia K. Trunkes (VT-8642)
                                            575 Lexington Avenue, 14th Fl.
                                            New York, New York 10022
                                            (212) 317-8500
                                            *Attorneys for Defendants*
                                            *Marshall Engineering, Inc.*
                                            *and Joseph Marshall*

TO:   TROUTMAN SANDERS LLP
      Aurora Cassirer, Esq.
      Bennet Jerome Moskowitz, Esq.
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10174
      (212)704-6000
      *Attorneys for Plaintiff*
      *Sigmund Cohn Corp.*

      ANDERSON KILL & OLICK, P.C.
      Anna M. Piazza, Esq.
      1251 Avenue of the Americas
      New York, New York 10020
      (212) 278-1307
      *Attorneys for Defendant*
      *International Rolling Mills, Inc.*