UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
SIGMUND COHN CORP.,

                                                                  Civil Action No.
                                                                   12-CIV-8053 (VLB)(GAY)

                    Plaintiff,

                -against-

MARSHALL ENGINEERING, INC., JOSEPH
MARSHALL, and INTERNATIONAL ROLLING
MILLS, INC.,

                    Defendants.
-----------------------------------------------------------------------X

### PLAINTIFF SIGMUND COHN CORP.'S REPLY TO MARSHALL ENGINEERING, INC.'S COUNTERCLAIMS

Plaintiff Sigmund Cohn Corp. ("SCC"), by and through its counsel, Troutman Sanders LLP, pleads as follows in response to Defendant Marshall Engineering, Inc.'s ("MEI" or "Defendant") counterclaims set forth in paragraphs 1 – 23 (pp. 18-21) of the "Answer of Defendants Marshall Engineering, Inc. and Joseph Marshall to Complaint and Counterclaims of Marshall Engineering, Inc." (the "Counterclaims"):

### COUNTERCLAIMS

1. SCC admits that, upon information and belief, MEI is a Rhode Island corporation. SCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Counterclaims.

2. SCC admits the allegations in paragraph 2 of the Counterclaims.

3. SCC denies the allegations of paragraph 3 of the Counterclaims, and respectfully refers to the quotation referenced in paragraph 3 for the full text, terms, and legal meaning thereof.

4. SCC denies the allegations of paragraph 4 of the Counterclaims, except admits that on or about August 16, 2011, MEI sent correspondence to SCC regarding rolling mill equipment, to which SCC respectfully refers for the full text, terms, and legal meaning thereof.

5. SCC denies the allegations of paragraph 5 of the Counterclaims, except admits that, by email dated September 1, 2011, Joseph Marshall stated to an SCC employee that the former was willing to offer a revised price of $77,500.00 for certain rolling mill equipment based on certain conditions.

6. SCC denies the allegations of paragraph 6 of the Counterclaims, except admits that, by email dated September 1, 2011, SCC accepted Joseph Marshall's quote of $77,500.00 for a certain rolling mill, including certain trade-ins.

7. SCC denies the allegations of paragraph 7 of the Counterclaims, except admits that, by email dated September 6, 2011, SCC sent to Joseph Marshall a purchase order numbered 7856, and respectfully refers thereto for the full text, terms, and legal meaning thereof.

8. SCC denies the allegations of paragraph 8 of the Counterclaims, except admits that SCC issued a purchase order dated October 4, 2011 to Marshall, and respectfully refers thereto for the full text, terms, and legal meaning thereof.

9. SCC denies the allegations of paragraph 9 of the Counterclaims, except admits that, in or about December 2011, additional equipment was ordered through MEI, including but not limited to a dryer and rimmer.

10. SCC denies the allegations of paragraph 10 of the Counterclaims, except admits that, in or about February 2012, certain equipment was shipped to SCC.

11. SCC denies the allegations of paragraph 11 of the Counterclaims, except admits that, on or about April 27, 2012, certain equipment was delivered to SCC. SCC further avers that,

except for the last payment in the amount of approximately $22,000.00, SCC has paid all sums originally due to MEI.

12. SCC denies the allegations of paragraph 12 of the Counterclaims, and avers that, except for the last payment in the amount of approximately $22,000.00, SCC has paid all sums originally due to MEI.

## COUNT I
### (Breach of Contract)

13. SCC repeats and realleges its answers to paragraphs 1-12 of the Counterclaims.

14. SCC denies the allegations of paragraph 14 of the Counterclaims.

15. SCC denies the allegations of paragraph 15 of the Counterclaims, and avers that, except for the last payment in the amount of approximately $22,000.00, SCC has paid all sums originally due to MEI.

16. SCC denies the allegations of paragraph 16 of the Counterclaims.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

17. SCC repeats and realleges its answers to paragraphs 1-16 of the Counterclaims.

18. SCC denies the allegations of paragraph 18 of the Counterclaims.

19. SCC denies the allegations of paragraph 19 of the Counterclaims.

## COUNT III
### (Unjust Enrichment)

20. SCC repeats and realleges its answers to paragraphs 1-19 of the Counterclaims.

21. SCC denies the allegations of paragraph 21 of the Counterclaims.

22. SCC denies the allegations of paragraph 22 of the Counterclaims.

23. SCC denies the allegations of paragraph 23 of the Counterclaims.

The WHEREFORE paragraph of the Counterclaims sets forth a prayer for relief for which no response is required. To the extent a response is required, SCC denies the same.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The Counterclaims fail to state facts sufficient to constitute a cause of action against SCC.
2. If and to the extent MEI has suffered the damages alleged in the Counterclaims, MEI's own negligence and/or knowing or willful misconduct, and/or the negligence and/or knowing or willful misconduct of International Rolling Mills, Inc., directly and proximately caused or contributed to some or all of its claimed damages.
3. The Counterclaims are barred by the doctrine of unclean hands.
4. The Counterclaims are barred by the doctrine of estoppel.
5. The Counterclaims are barred because MEI engaged in the wrongful conduct set forth in SCC's Complaint.
6. The Counterclaims are barred because conditions precedent to SCC's obligations to perform were not fulfilled.
7. The Counterclaims are barred because SCC's performance and obligations were excused by MEI's conduct.
8. MEI has failed to exercise reasonable diligence to mitigate its alleged damages. To that extent, MEI may not recover damages from SCC.
9. The Counterclaims are barred by MEI's breach of the covenant of good faith and fair dealing.
10. The Counterclaims are barred by MEI's breaches of express and implied warranties.
11. SCC reserves the right to rely upon any other defense that is revealed as this litigation progresses, and further reserves the right to amend its Reply to Defendant's Counterclaims to reflect those defenses if and when they are discovered.

**WHEREFORE**, SCC respectfully requests that MEI's Counterclaims be dismissed and that SCC be awarded its costs, including disbursements and reasonable attorneys' fees, and any other relief to which it may be entitled.

Dated: New York, New York
       January 18, 2013                        TROUTMAN SANDERS LLP

By: *Aurora Cassirer*
Aurora Cassirer, Esq. (AC3763)
Bennet Moskowitz, Esq. (BM1024)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 704-6000
aurora.cassirer@troutmansanders.com

*Attorneys for Plaintiff Sigmund Cohn Corp.*

To:

SNITOW KANFER HOLTZER & MILLUS LLP
Virginia Kristina Trunkes
575 Lexington Avenue
New york, NY 10022
(212)-317-8500

MORRISSEY, WILSON & ZAFIROPOULOS, LLP
Kerry T. Ryan, Esq.
35 Braintree Hill Office Park
Suite 404
Braintree, MA 02184
781-353-5503

*Attorneys for Defendant Marshall Engineering, Inc.*

ANDERSON KILL & OLICK, P.C.
Anna M. Piazza
1251 Avenue of The Americas
New York, NY 10020
(212)-278-1307


TARLOW BREED HART & ROGERS, P.C.
Mark Furman
Emily Shanahan
101 Huntington Ave., Fifth Floor, Prudential Center
Boston, MA 02199
(617)-218-2000

*Attorneys for Defendant International Rolling Mills, Inc.*