UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SIGMUND COHN CORP.,

                                        Civil Action No.
                                        12-CIV-8053 (VLB)(GAY)

                   Plaintiff,

        -against-

MARSHALL ENGINEERING, INC., JOSEPH
MARSHALL, and INTERNATIONAL ROLLING
MILLS, INC.,

                   Defendants.
------------------------------------------------------------------X

## STIPULATION AND ORDER OF CONFIDENTIALITY

      The parties in the above-entitled action possess certain confidential business information and documents, which may be disclosed in this action.  The parties wish to ensure that any such confidential information and documents disclosed shall not be used for any purposes other than this lawsuit and shall not be made public, or be otherwise disseminated or used except as set forth in this Stipulation and Order of Confidentiality (the "Order").

      Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties and their counsel, that the following procedure shall be adopted for the protection of confidential information:

      1.     This Order shall apply to all information and documents disclosed during the course of the above-captioned litigation, including information and documents disclosed:  during discovery, hearing, or trial; in any pleading, document, affidavit, brief, motion, transcript, or other writing; or in testimony given in a deposition, hearing or trial ("Litigation Materials").

2.     Any party producing or disclosing Litigation Materials may in good faith designate as "Confidential" any portion of the Litigation Materials.  Any party producing or disclosing Litigation Materials shall also have the right to designate as "Highly Confidential" any information, document or thing containing highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

3.     Parties may designate documents or other tangible Litigation Materials as "Confidential" or "Highly Confidential" by stamping or writing the appropriate legend on the document or other Litigation Materials at or before production or disclosure or within 10 days thereafter.

4.     Parties may designate depositions or other testimony as "Confidential" or "Highly Confidential" by any one of the following means: (a) stating orally on the record that the information is confidential on the day the testimony is given; (b) sending written notice designating certain information as confidential promptly after the testimony is given; or (c) stamping or writing the appropriate legend on the relevant portion of the transcript at or before the signing of the transcript by the witness or as soon thereafter as practicable.  All information disclosed during a deposition shall be deemed to have been designated "Confidential" until the transcript has been signed by the witness, whether or not portions of the transcript have been previously designated "Confidential" or "Highly Confidential."  The witness shall have thirty (30) days from the date that the transcript becomes available to it to designate portions of the transcript "Confidential" or "Highly Confidential."  If a party does not designate Litigation Materials in accordance with provisions of this paragraph or paragraph 3 of this Order, the Litigation Materials will not be deemed "Confidential" or "Highly Confidential," except that

20387571v3
11157454v.1

the inadvertent or unintentional disclosure of "Confidential" material shall not be deemed a waiver in whole or in part of a party's claim of confidentiality and such inadvertent or unintentional disclosure may be rectified by notifying in writing, within a reasonable time after disclosure, counsel for all parties to whom the material was disclosed that the material should have been, and thereby is, designated "Confidential"

5. For purposes of this Order, "qualified person(s)" shall mean and refer to:

(A) All parties in this case, and where the parties are corporate entities, this shall mean the persons who participated in or who are required to participate in the above captioned litigation, including Thomas Cohn, and his designees, Joseph Marshall and Robert Costa.

(B) All attorneys representing any party in this case.

(C) All counsel of record to the parties in this litigation, co-counsel of record, and the legal associates, and clerical or other support staff who are employed by such counsel and are assisting such counsel in the litigation.

(D) Court personnel and stenographic reporters and data processors engaged for such purposes as are necessarily incident to the preparation for and/or trial of this action.

(E) Representatives or employees of the parties who are involved in assisting counsel in preparing this action for trial.

(F) Experts or consultants assisting counsel in this action, subject to his or her prior agreement and compliance with the provisions set forth in paragraph 12 herein.

(G) Any deponent or witness may be shown or examined on any information, document or thing designated "Confidential" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such

3

disclosure.

(H)     Such other persons as may hereafter be qualified to receive confidential documents pursuant to agreement of the parties or order of the Court.

<u>Disclosure and Use of Confidential Information and Highly Confidential Information</u>

6.     All Litigation Materials designated as "Confidential" or "Highly Confidential," and any copies thereof, shall be used only in the preparation for trial and trial of this action, including any appeals or retrials, and shall not be used by any persons for any other purpose whatsoever, subject to further order of the Court.

7.     Litigation Materials designated as "Confidential," and any copies thereof, as well as all notes and memoranda relating thereto, shall be disclosed only to qualified persons, and shall not be disclosed to anyone (including but not limited to governmental agencies or the news media) other than a qualified person, except by Court Order or in response to a subpoena in accordance with the provisions of paragraph 14 herein.

8.     Litigation Materials designated as "Highly Confidential," and any copies thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

(A)     the Court;

(B)     counsel of record to the parties in this litigation, co-counsel of record, and the legal associates, and clerical or other support staff who are employed by such counsel and are assisting such counsel in the litigation;

(C)     court reporters who record deposition or other testimony in this litigation; and

(D)     experts retained by parties or their counsel for this litigation, subject to his or her prior agreement and compliance with the provisions set forth in paragraph 12 herein.

4

It is understood, however, that counsel for a party may give advice and opinions to his or her client(s) solely relating to the above-captioned matter based on his or her evaluation of the "Highly Confidential" materials, provided that such advice and opinions shall not reveal the content of such "Highly Confidential" materials, unless and except by prior written agreement by counsel for the parties or by Court Order.

## Control of Confidential Information

9.      Except as provided in paragraphs 5, 6, 7 and 8 hereof, documents containing confidential information shall at all times be kept under the custody or control of each party's attorneys or qualified persons designated pursuant to paragraph 5 hereof.

10.      When documents, briefs or memoranda containing confidential information are filed with the Court, the same shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed as follows, or in such manner as is otherwise required by the Court or applicable court rules.

(A)      the style of the action to which the contents pertain;

(B)      the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

(C)      a statement substantially in the following form:

"[DISCLOSING PARTY'S NAME] CONFIDENTIAL"

"This envelope (or container) is sealed pursuant to Order of the Court and contains confidential information filed in this action and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in this action or by court order pursuant to stipulation of the disclosing party or parties to this action."

Said envelope or container shall not be opened without further order of the Court except by qualified persons, who shall return such envelope or container to the Clerk of the Court

5

20387571v3
11157454v.1

appropriately sealed and endorsed as hereinabove provided, or pursuant to stipulation of the disclosing party.

11.    When confidential documents or information is presented, quoted or referenced in any deposition, hearing or other proceeding, the attorneys for the parties shall make arrangements or, when appropriate, request the Court to make arrangements to insure that only qualified persons are present during such presentation, quotation or reference.  The application of this paragraph is, for the present, limited to pretrial proceedings.

12.    Before any expert or consultant for a party is given access to Litigation Materials designated by another party as "Confidential" or "Highly Confidential" the expert or consultant shall be provided with a copy of this Stipulation and Confidentiality Order and shall, in a written and signed Certificate, state that he agrees to be bound by the terms of this Stipulation and Confidentiality Order.  The counsel of record who has retained the expert or consultant shall retain the Certificate until the conclusion of the litigation.  Prior to trial of this case, copies of Certificates of all experts or consultants who will testify at trial shall be supplied to all counsel of record.  Also, if at any time counsel for a party has reason to believe that an expert or consultant may have disclosed "Litigation Materials" designated "Confidential" in violation of this Stipulation and Confidentiality Order, that counsel may request copies of any and all Certificates.  Any such request for copies of Certificates shall be complied with promptly by all counsel of record.

13.    If any party objects to the designation of any Litigation Materials as "Confidential" or "Highly Confidential," the party shall state the objection by letter to counsel for the party making the designation.  If the parties are then unable to resolve the objection, any party may move the Court to do so.  Until the Court rules on the motion, the "Litigation

20387571v3
11157454v.1

Materials" shall continue to have their designated "Confidential" or "Highly Confidential" status.

14.     If a party in possession of "Litigation Materials" designated "Confidential" or "Highly Confidential" receives a subpoena seeking production or other disclosure of the confidential materials, he shall immediately give written notice to counsel for the party who designated the materials "Confidential" or "Highly Confidential," stating the confidential material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days notice before production or other disclosure should be given. In no event shall production or disclosure be made before notice is given.

<u>Return of Confidential Information</u>

15.     Upon the final termination of this action and any related action(s) in which a party or the parties are directly involved, whether by judgment, settlement or otherwise:

The attorneys for each party receiving confidential information shall either (i) assemble and return to the disclosing party all documents containing such confidential information including all copies thereof, and provide a certification that to the best of their knowledge this has been done; or (ii) destroy all such documents containing confidential information and all copies thereof, and provide a certification that this has been done.

<u>Further Relief Not Precluded</u>

16.     Nothing in this Confidentiality Order shall prevent any party from disclosing its own confidential information as it deems appropriate.

17.     The parties do not waive any right to object to any discovery request or to seek any further confidentiality order on any grounds.

18.     The Court may enter such other and further relief as it deems appropriate, and this

7

Order is without prejudice to the right of any party to apply for such relief.

Dated: New York, New York
       April 10, 2013

TROUTMAN SANDERS LLP

By: _____
Aurora Cassirer, Esq. (AC3763)
Bennet Moskowitz, Esq. (BM1024)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 704-6000
aurora.cassirer@troutmansanders.com

*Attorneys for Plaintiff Sigmund Cohn Corp.*

WHITE AND WILLIAMS, LLP

By: _____
Michael N. Onufrak (admitted *pro hac vice*)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215)-864-7174
onufrakm@whiteandwilliams.com

*Attorneys for Defendants Marshall
Engineering, Inc. and Joseph Marshall*

TARLOW BREED HART & ROGERS, P.C.

By: _____
Mark S. Furman (admitted *pro hac vice*)
Emily C. Shanahan (admitted *pro hac vice*)
101 Huntington Ave., Fifth Floor, Prudential Center
Boston, MA 02199
(617)-218-2000
mfurman@tbhr-law.com
eshanahan@tbhr-law.com

and

Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1307
apiazza@andersonkill.com

*Attorneys for Defendant International Rolling
Mills, Inc.*

8

Order is without prejudice to the right of any party to apply for such relief.

Dated: New York, New York
      April 10, 2013

TROUTMAN SANDERS LLP

By: _____
  Aurora Cassirer, Esq. (AC3763)
  Bennet Moskowitz, Esq. (BM1024)
  The Chrysler Building
  405 Lexington Avenue
  New York, New York 10174
  Tel: (212) 704-6000
  aurora.cassirer@troutmansanders.com

*Attorneys for Plaintiff Sigmund Cohn Corp.*

TARLOW BREED HART & ROGERS, P.C.

By: _____
  Mark S. Furman (admitted *pro hac vice*)
  Emily C. Shanahan (admitted *pro hac vice*)
  101 Huntington Ave., Fifth Floor, Prudential
  Center
  Boston, MA 02199
  (617)-218-2000
  mfurman@tbhr-law.com
  eshanahan@tbhr-law.com

and

Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1307
apiazza@andersonkill.com

*Attorneys for Defendant International Rolling
Mills, Inc.*

WHITE AND WILLIAMS, LLP

By: _____
  Michael N. Onufrak (admitted *pro hac vice*)
  1650 Market Street
  One Liberty Place, Suite 1800
  Philadelphia, PA 19103
  (215)-864-7174
  onufrakm@whiteandwilliams.com

*Attorneys for Defendants Marshall
Engineering, Inc. and Joseph Marshall*

8

20387571v3
11157454v.1

SO ORDERED

_____
U.S.D.J.

April 1 5 2013
White Plains, New York

9