UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SIGMUND COHN CORP.,

                                                      Civil Action No.
                                                     12-CIV-8053 (VLB)(GAY)

                    Plaintiff,

                -against-

MARSHALL ENGINEERING, INC., JOSEPH
MARSHALL, and INTERNATIONAL ROLLING
MILLS, INC.,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-16-13

## RULE 502(d) CONSENT PROTECTIVE STIPULATION AND ORDER

    Discovery in the above-captioned action (the "Action") involves the review and production of large volumes of Electronically Stored Information ("ESI") and other documents. Given the volume of ESI and the sources of such ESI, the risk of production of protected or privileged documents is high – even if reasonable efforts are taken to avoid such productions.

    Accordingly, Sigmund Cohn Corp., Marshall Engineering, Inc., Joseph Marshall and International Rolling Mills, Inc. stipulate to the issuance of this Protective Order under Federal Rule of Evidence 502(d) to ensure that the disclosure of privileged or protected information will not constitute a waiver of either the attorney-client privilege or work product protections.

    It is hereby STIPULATED AND AGREED that the following provisions govern the conduct of further proceedings in this Action:

### Non-Waiver and Clawback

    1.    The production of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not

limited to, the attorney-client privilege and the attorney work product doctrine ("Protected Information"), for that document or for the subject matter of the disclosed document. The producing party shall not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. Moreover, the mere production of Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel shall not be deemed "intentional" pursuant to Federal Rule of Evidence 502(a)(1).

  2. A party may seek the return and/or destruction of any document, including summaries or copies thereof, produced in this action that the party later claims should have been withheld on the grounds of privilege or the work product doctrine by identifying the document within ten (10) business days of discovery of the production ("Notice of Recall"). Mere production of documents protected by the attorney-client privilege or work product protection is insufficient "notice" of production by the producing party and does not trigger a Notice of Recall.

  3. Upon receiving the Notice of Recall, a receiving party shall return all such information, including all copies, to the supplying party within five (5) business days. Electronic copies of recalled documents shall be removed from the receiving party's electronic systems or review databases. The receiving party also shall be responsible for obtaining all copies of recalled documents, including those disseminated to others (within and outside the party's organization, if applicable), and certify in writing to the producing party that all copies and portions thereof have been returned to the party. In the event that the producing party requests

destruction of recalled documents, the receiving party shall provide written certification of compliance within thirty (30) days of such written request.

4. Notwithstanding the foregoing, nothing in this Order shall prevent any party from challenging a privilege claim with respect to any materials designated as privileged by any other party. In the event that the receiving party disputes the producing party's claim as to the protected nature of the disclosed material, a requesting party may seek Court determination of the issue. The producing party retains the burden of establishing the privileged or protected nature of the produced Protected Information.

5. Where a party who received Protected Information becomes aware of such, the party shall promptly notify the producing party of such production and shall take reasonable steps to avoid further disclosure of Protected Information. A party shall be entitled to rely on these non-waiver provisions regardless of when the disclosure is discovered and regardless of who discovers the disclosure.

6. This Order shall not be used to require a producing party to disclose Protected Information without the opportunity to review such information prior to production.

Dated: New York, New York
April 11, 2013

TROUTMAN SANDERS LLP

By: _____
Aurora Cassirer, Esq. (AC3763)
Bennet Moskowitz, Esq. (BM1024)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 704-6000
aurora.cassirer@troutmansanders.com

*Attorneys for Plaintiff Sigmund Cohn Corp.*

WHITE AND WILLIAMS, LLP

By: _____
Michael N. Onufrak (admitted *pro hac vice*)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215)-864-7174

*Attorneys for Defendants Marshall Engineering, Inc. and Joseph Marshall*

TARLOW BREED HART & ROGERS, P.C.

By: _____
Mark S. Furman (admitted *pro hac vice*)
Emily C. Shanahan (admitted *pro hac vice*)
101 Huntington Ave., Fifth Floor, Prudential Center
Boston, MA 02199
(617)-218-2000
mfurman@tbhr-law.com
eshanahan@tbhr-law.com

and

Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1307
apiazza@andersonkill.com

*Attorneys for Defendant International Rolling Mills, Inc.*

SO ORDERED
_____
U.S.D.J.

April 15, 2013
White Plains, New York